CITY OF AZLE, Appellant,

v.

TEXIAN DEVELOPER, INC., Jack Hudson, Al Swan, the City of Pelican Bay, Texas, and Its Mayor and Board of Aldermen, Dan Howard, Hazel Gates, Bonnie Schulz, Billy Heaton, Robert Lacey, and James Howard, County Judge Mike Moncrief, County Commissioners Dick Anderson, O.L. Watson, Bob Hampton, and B.D. Griffin and County Clerk Madrin Huffman, Appellees.

No. 2-85-108-CV.

Court of Appeals of Texas, Fort Worth.

Oct. 24, 1985.

Kenneth N. Price, Azle, for appellant.

Cantey, Hanger, Gooch, Munn & Collins and S.G. Johndroe, Jr., Fort Worth, for appellees (Texian Developers, Inc. Jack Hudson and Al Swan).

Kerry & Harrison and Henry E. Kerry and Charles Ben Lewis, Fort Worth, for appellees (City of Pelican Bay, Texas, and Its Mayor and Board of Aldermen, Dan Howard, Hazel Gates, Bonnie Schulz, Billy Heaton, Robert Lacey, and James Howard).

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

OPINION

HILL, Justice.

The City of Azle appeals from the denial of a temporary injunction. Azle sought to enjoin Texian Developer from continuing to build a subdivision located near the City of

Pelican Bay until the subdivision's plat was approved by Azle's Planning Commission and City Council and to enjoin the City of Pelican Bay from approving any subdivision plats outside the town's corporation limits. Additionally, Azle sought to enjoin the Tarrant County Judge and the Tarrant County Commissioners from approving any further subdivision plats of the area, unless said plats had been approved by the City of Azle. Finally, Azle sought to enjoin the County Clerk of Tarrant County from filing for record in the county records any further subdivision plats regarding this property until the same had been approved by the City of Azle, and Azle's lawsuit also requested an order compelling the County Clerk to remove from record any previously filed plats regarding this subdivision.

We affirm, because we find that the trial court did not abuse its discretion in denying the temporary injunction.

Appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion in granting or denying the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex.1978); *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975).

■ At a hearing upon the request for a temporary injunction, the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *Davis v. Huey*, 571 S.W.2d at 862; *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co.*, 155 Tex. 407, 289 S.W.2d 217, 219 (1956). The only question on appeal is whether the trial court abused its discretion in making the foregoing determination. The reviewing court may not substitute its judgment for that of the trial court. *Davis v. Huey*, 571 S.W.2d at 862; *Texas Foundries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460, 463 (1952). The merits of the underlying case are not presented for appellate review. *See Davis v. Huey*, 571 S.W.2d at 862.

In point of error ten, Azle argues that the trial court abused its discretion by holding:

1) that Azle's Ordinance No. 288 is illegal;

2) that Azle did not have platting jurisdiction over the property in question; and

3) by permitting the continual existence of the plat in controversion of the minimum standards contained in TEX. REV.CIV.STAT.ANN. art. 974a, sec. 3 (Vernon Supp.1985).

■ The subdivision in question is within the extraterritorial jurisdiction of Pelican Bay and is not within the extraterritorial jurisdiction of the City of Azle. Inside its extraterritorial jurisdiction, a city has independent authority to regulate subdivisions under TEX.REV.CIV.STAT.ANN. art. 970a (Vernon 1963), under TEX.REV.CIV.STAT. ANN. art. 974a (Vernon 1963), and under other statutes applicable to cities. TEX. REV.CIV.STAT.ANN. art. 6626aa (Vernon Supp.1985). Article 974a concerns the platting and recording of subdivisions or additions. Therefore, the City of Pelican Bay has platting authority in the subdivision in question. Prior to the passage of art. 6626aa, the subdivision would also have been within Azle's five-mile platting jurisdiction. Azle acknowledges that art. 6626aa reduced its platting jurisdiction from five miles to one mile, but argues that the statute did not limit its platting jurisdiction to the limit of its extraterritorial jurisdiction, so that the subdivision, which is within one mile of Azle's present city limits, remains within Azle's platting jurisdiction, although outside its extraterritorial jurisdiction. Article 6626aa provides: "[I]n unincorporated areas outside said extraterritorial jurisdiction a city shall have no authority to regulate subdivisions or to authorize the filing of plats, except as provided by the Interlocal Cooperation Act (Article 4413(32c) Vernon's Texas Civil Statutes)." Azle does not contend that it is operating under the Interlocal Cooperation Act. Instead, Azle contends that art. 6626aa confers upon it a one-mile platting

area which includes the subdivision in question. As we have noted, the statute negates any platting authority Azle would have over unincorporated territory which is outside its extraterritorial jurisdiction. We find, therefore, that Pelican Bay has exclusive platting jurisdiction in the subdivision. Since Azle has no platting jurisdiction in the subdivision, we find that the trial court did not abuse its discretion in denying the temporary injunction. In view of this determination, we need not determine the other bases for the trial court's abuse of discretion nor the other points of error, because Azle lacks standing to bring those before this Court. We overrule points of error numbers one through ten.

The judgment is affirmed.